UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GERALDINE A. TRICE, | Case No. 2:18-cv-01742-RFB-GWF |
| Plaintiff, | **ORDER** |
| v. | |
| LIBERTY MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

Before the Court is Plaintiff's Motion to Remand (ECF No. 5), Defendant's Motion for Partial Summary Judgment on Plaintiff's Bad Faith and Punitive Damages Claim (ECF No. 17), and Defendant's Motion for Summary Judgment (ECF No. 29). For the reasons stated below, the Court grants Plaintiff's Motion to Remand and closes this case.

Federal courts are courts of limited jurisdiction. In re Hunter, 66 F.3d 1002, 1005 (9th Cir. 1995). A defendant may remove a case initially filed in state court to federal court if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). "Removal and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (citation and quotation marks omitted). A federal court should remand a case to state court if any doubt exists as to the right to removal. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (footnote omitted). Federal courts have original jurisdiction over actions where the matter in controversy is greater than $75,000 if there is complete diversity between the plaintiff and each defendant. 28 U.S.C. § 1332(a).

Plaintiff filed a Complaint against Defendant in the Eighth Judicial District Court, Clark County, Nevada, Case Number A-13-689026-C on September 20, 2013. ECF No. 1. Though the parties dispute when service was effectuated, Defendant concedes it voluntarily appeared in the action on September 11, 2017. Id. Defendant sought removal on September 10, 2018 on the basis of diversity jurisdiction. Id. Plaintiff filed the instant Motion to Remand on October 9, 2018. ECF No. 5. Defendants filed a Response on October 22, 2018. ECF No. 9. Plaintiff did not file a Reply.

Plaintiff argues that Defendant filed its Notice of Removal too late pursuant to statutory requirements. Pursuant to 28 U.S.C. Section 1446(b), a notice of removal generally shall be filed within 30 days after receipt by the defendant of the initial pleading. However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); see also Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1250 (9th Cir. 2006) ("After a defendant learns that an action is removable, he has thirty days to remove the case to federal court.") If more than a year has passed since commencement of the action, the case may only be removed under Section 1446(b)(3) if the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. 28 U.S.C. § 1446(c)(1). If a court finds that the plaintiff "deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1)." 28 U.S.C. § 1446(c)(3)(B).

The Court finds that Defendant's Notice of Removal is not timely. Plaintiff's Third Amended Complaint, filed in state court on April 23, 2018, facially alleges damages in excess of one million dollars. ECF No. 1-7. Defendant was therefore on notice, based on the face of the complaint, that the amount in controversy could exceed $75,000. Cf. Urbino v. Orkin Servs. of California, Inc., 726 F.3d 1118, 1121–2 (9th Cir. 2013) (noting the standard of proof applicable only when "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled"). Defendant's petition for removal was filed over four months after

Plaintiff facially pled damages in excess of $75,000 and is untimely pursuant to Section 1446(b)(3).

Furthermore, the Court does not find that Plaintiff "deliberately" acted "to prevent removal" pursuant to 28 U.S.C. § 1446(c)(3)(B). Plaintiff is pro se and appears to believe, based on her instant filing, that her case cannot be heard in federal court as it presents no federal question. ECF No. 5. Plaintiff is not an attorney and, reasonably, is unfamiliar with jurisdictional law. The Court does not find any evidence that she acted in bad faith in any representation to Defendant with regard to the amount in controversy.

Defendant argues that bad faith can be inferred from the fact that the case was assigned to the state court's mandatory arbitration. But the state arbitration program does not cap damages to less than $50,000, it simply permits matters with a probable award in excess of $50,000 to opt out of the program. See Nevada Arbitration Rule 3(A). It was not misleading or deceitful for Plaintiff to decline to opt out of the arbitration program.

Defendant further alleges that bad faith can be inferred from Plaintiff's failure to effectuate proper service. The Court notes that the state court has already determined that Plaintiff successfully effectuated service. See ECF No. 1-5. Moreover, the Court finds that to the extent Plaintiff struggled to effectuate service on Defendant, there is no evidence that Plaintiff deliberately delayed service with the purpose of preventing Defendant from removing the action to federal court.

Because the Court finds that Defendant could have ascertained that the case was removeable as of April 23, 2018, and because the Court finds that Plaintiff did not demonstrate any bad faith effort to prevent Defendant from removing the action, the Court concludes that the matter was not timely removed and grants Plaintiff's Motion to Remand.

Therefore,

**IT IS ORDERED** that Plaintiff's Motion to Remand (ECF No. 5) is GRANTED.

**IT IS FURTHER ORDERED** that the hearing set for June 20, 2019 is VACATED.

/ / /

/ / /

1     **IT IS FURTHER ORDERED** that this case is remanded to state court and back to the Eighth Judicial District Court, Clark County, Nevada, Case Number A-13-689026-C. The Clerk of Court is directed to close this case.

DATED: June 14, 2019.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**